## Cranmer's Estate.

*Practice, O. C.—Issue d. v. n.—Refusing probate of will without granting issue.*

1. In a proper case the Orphans' Court may set aside the probate of a will without granting an issue.

2. *Semble.* The Register of Wills may apply the same rule and refuse probate without granting an issue where the facts justify such action.

3. Where the contestant makes out a strong case and there is evidence, which, if taken alone, is sufficient to support his allegations, but there is also sufficient evidence in support of the validity of the will, if believed by a jury, to sustain a verdict in its favor, the Register cannot properly refuse to issue his precept to Common Pleas and peremptorily refuse probate.

Exceptions to decree dismissing appeal from the decision of the Register of Wills awarding an issue. O. C. Phila. Co., Jan. T., 1923, No. 511.

The hearing judge, Lamorelle, P. J., said in his adjudication:

"William C. Cranmer died July 27, 1922.

"On Feb. 26, 1918, he is alleged to have executed a will, whereby he gave a son, Clarence W. Cranmer, one-third of his estate absolutely, created a trust for life for the benefit of a daughter, May C. Sykes, as to one-third; a trust for the benefit for life of a son, Allen L. Cranmer, as to one-third, which two-thirds he bequeathed and devised absolutely to said Clarence W. Cranmer on the death of the respective equitable life-tenants.

"On Dec. 29, 1919, he is alleged to have made another will, whereby he gave his entire estate to his said three children in equal shares.

"He was survived by these three children, and they are his heirs-at-law and next of kin.

"On Aug. 11, 1922, May C. Sykes, the daughter, and Allen L. Cranmer, a son, filed a *caveat* against the probate of the will dated Feb. 26, 1918. This will was offered for probate Sept. 27, 1922.

"On Oct. 19, 1922, Clarence W. Cranmer, the other son, filed a *caveat* against the probate of the will dated Dec. 29, 1919, which *caveat* he amended on Nov. 21, 1923. This later will was offered for probate Oct. 23, 1922.

"Clarence W. Cranmer alleged in the amended *caveat* and petition that a certain material question was in controversy between him, as *caveator*, and the said May C. Sykes and Allen L. Cranmer, to wit: 'Whether the said paper was actually signed by the decedent. Whether the said paper writing was executed as the last will of the said William C. Cranmer. Whether said paper, if executed by decedent as his last will, was obtained by undue influence of the proponents, or either of them.'

"He prayed that the Register should refuse probate of the said writing, or, if necessary, should issue his precept to the Court of Common Pleas, directing an issue to be framed upon the facts as therein defined.

"The Register handed down an opinion Feb. 27, 1923, wherein, after discussing the testimony and the law applicable thereto, he held that there was a substantial question of fact and made an order as follows: 'It is, therefore, ordered that the petition of *caveator* that 'probate of document dated Dec. 29, 1919, be refused,' be and the same is hereby dismissed, and that the alternative prayer be granted; that is, that a precept for an issue *devisavit vel non* be awarded to determine the questions aforesaid, whether the testator executed the document of 1919 as his will, and, if so, whether he was unduly influenced by his daughter in assenting to the contents of the will.'

"Whereupon Clarence W. Cranmer took an appeal to this court from the action of the Register and from the decision rendered by him as follows: 'It

is, therefore, ordered that the petition of *caveator* 'that probate of document dated Dec. 29, 1919, be refused,' be and the same is hereby dismissed." . . .

"I am of opinion, and so rule, that where prayers are presented in the alternative and one of the prayers is granted, an appeal does not lie to the refusal or failure to grant the other.

"Section 21 *(a)* of Register of Wills Act of 1917, it is true, provides that from all judicial acts and proceedings of the several registers, 'including all decisions granting an issue *devisavit vel non* in a contest concerning the validity of a will,' appeals may be taken to the Orphans' Court, etc., yet this obviously means an appeal by the 'aggrieved party' and not by the party in whose favor the decision has been rendered. Mr. Kirby would have a right of appeal, because he offered the later will for probate, but he has taken no such action and apparently acquiesces in the ruling of the Register. Had Mr. Miller, in the course of the proceedings, amended his prayer so that it should be directed to refusal of probate alone, then he would be within his legal rights in appealing. In amending, however, he asked for *one* of two things, *not both*, and having obtained one of the two, it would appear too plain for extended discussion that an appeal by him is not proper in the premises.

"I do not understand that Mr. Justice Simpson, in Griffith's Estate, 276 Pa. 277, 282, in saying that 'any party interested' may appeal from the decision of the Register, had in mind that the appellant might be the party in whose favor the decree has been made. . . ."

*E. Spencer Miller*, for appellant; *Morris & Kirby*, contra.

GUMMEY, J., July 10, 1923.—Undoubtedly, in a proper case, the Orphans' Court may set aside the probate of a will without granting an issue; such a case was Fleming's Estate, 265 Pa. 399, where it could not be successfully contended that there was a substantial dispute upon a material fact, because the evidence, when considered as a whole, was insufficient to sustain a verdict in favor of the party praying for an issue. No reason has been suggested to us why the Register of Wills should not apply the same rule and refuse probate without granting an issue where the facts justify it, although no case in which he has done so has been called to our attention, and doubtless he would not take such an unusual course except in a very clear case.

The granting of an issue by the Register of Wills is in the nature of an interlocutory decree, from which an appeal may be taken to the Orphans' Court under section 21 of the Register of Wills Act of June 7, 1917, P. L. 415. In the present instance the Register followed the usual practice; that is, he suspended action upon the application for probate until the trial of the issue, after which he would allow or refuse probate in accordance with the finding of the jury. It is because the Register did not enter a decree refusing probate of the will, instead of awarding an issue, that this appeal was taken by the *caveator*.

The judge who sat at the preliminary hearing took the view that the contestant, having petitioned the Register of Wills for a decree in the alternative, should not now complain because one of the alternative decrees which he suggested, to wit, the award of an issue, was allowed; the hearing judge also, however, considered the case in the light of the evidence, and we have done likewise, and we have reached the conclusion that the Register properly declined to refuse probate, and also properly awarded an issue.

The testator had been a district surveyor and was a man of intelligence; that he had testamentary capacity was not disputed, but the appellant alleges undue influence, and further contends that, at the time the testator executed

3 D. & C.

the will, he did not have "a firm resolution and advised determination to make a testament:" 2 Sheppard's Touchstone (Prest.), 404; and while conceding that where a paper offered for probate bears upon its face the form and character of a will, the presumption of law will be in its favor, and the burden thrown upon the contestant of proving that the will was not in fact executed *animo testandi;* nevertheless, counsel for the appellant, in his very carefully prepared brief, urges upon us that in the present case the evidence, considered as a whole, is not only sufficient to overcome this presumption, but supports so overwhelmingly the allegations of the contestant as to show conclusively that the execution of the will was conditional, while at the same time it fails to show an intention on the part of the testator to make the will an operative one, citing 1 Schouler on Wills (1923), pars. 251 and 336; Theobald on Wills, 15; 1 Redfield on Wills, 171 (note), 172. Accordingly, the contestant asks us to vacate the decree awarding an issue and to dismiss the application for probate.

The contestant makes out a strong case, and there is evidence which, if taken alone, is sufficient to support the contestant's allegations; on the other hand, there is sufficient testimony in support of the validity of the will, if believed by a jury, to sustain a verdict in its favor.

A careful analysis of the testimony will be found in the opinion of the Register, to which it seems unnecessary for us to add anything except to emphasize the statement made by the hearing judge, that the credibility of some of the witnesses may have much to do in the determination of the controversy, and that the credibility of a witness is pre-eminently a question for a jury: Miller's Estate, 179 Pa. 645.

As we see no reason for disturbing the decree of the Register, the exceptions are dismissed.